**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**FOURTH DIVISION**

---

Scott Equipment Company,
a Minnesota corporation,

Plaintiff,

vs.

Stedman Machine Company, a. division
of Eagle Crusher Company, Inc.

Defendant.

Court File No. 01-CV-906 (MJD/SRN)

**STIPULATION AND ORDER REGARDING CONFIDENTIALITY**

---

WHEREAS, during the discovery conducted herein it may become necessary for the parties to inquire as to confidential business, financial and other matters not otherwise available to the public generally; and

WHEREAS, the parties mutually desire to protect and. maintain the confidentiality of all such matters,

IT IS HEREBY STIPULATED AND AGREED by and between the parties hereto that:

1. The following definitions shall apply to this Stipulation:

A. As used herein, the term "confidential matcrial" shall mean all information, documents, materials and tangible items designated by any producing party to be "confidential" or "attorney eyes only," including specifically, but not exclusively, written discovery, deposition transcripts and documents, data or other information furnished during the course of this action which is designated by a party to be confidential. Each party shall designate any material it deems to be "confidential" or "attorney eyes only" in the following manner:

FILED SEP 14 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

mos

(1) By stamping documents with the designation "Confidential" or "Attorney Eyes Only.

(2) By imprinting the designation "Confidential" or "Attorney Eyes Only" next to each answer to interrogatory, response to deposition upon written question, or response to request for admission.

(3) All deposition transcripts shall be treated as if designated as "Attorney Eyes Only" and accorded the treatment described in Paragraph 3 of this Stipulation and Order for a period of fifteen (15) days after receipt of the transcript from the court reporter; thereafter, only such portions of a transcript as are affirmatively designated in writing by a party to be confidential shall be treated as confidential. The party designating a portion of a deposition transcript as confidential shall provide written notice to all parties within forty-five (45) days after receipt of the transcript from the court reporter by listing the page and inclusive line numbers of the material to be kept confidential, and shall designate such pages to be "Confidential" or "Attorney Eyes Only." In any deposition transcript in which any portion of the transcript has been designated confidential by any party, the court reporter, or the party holding the original transcript, shall imprint the word "Confidential" or "Attorney Eyes Only" on the front page of the original of the deposition transcript. A deposition containing confidential information shall not be filed with the Court unless placed in a sealed envelope bearing the designation hereinafter provided for in Paragraph 4 of this Stipulation.

Nothing in this paragraph shall prevent any party or the officers, directors or shareholders of a party from attending any deposition, provided that they leave the deposition during any discussion of documents or information that any party identifies as "Attorney Eyes Only."

(4) By affixing to the canister or cassette of all videotapes the designation "Confidential" or "Attorney Eyes Only".

B. As used herein, the phrase "prosecution and/or defense of this action" shall mean preparation for trial of this action, including specifically, but not exclusively, pre-trial discovery pursuant to Rules 26 through 37 of the Minnesota Rules of Civil Procedure, trial of this action, and preparation for, participation in, and prosecution and defense of, any



mos

appeal, rehearing, review or other judicial proceeding which relates to the subject matter of this action.

2. Unless and until agreed by the undersigned parties, or ordered by the Court, all confidential materials that are designated to be "Confidential," and any summaries, compilations or other work product which contains or reflects such confidential materials, shall be kept and treated as confidential and shall be used only for purposes of the prosecution and/or defense of this action. Confidential materials designated as "Confidential" shall not be disclosed to any person or entity other than: (a) Counsel of record for the parties, including partners and employees of such counsel with a legitimate need to know; (b) contractors of such counsel who are involved in the prosecution and/or defense of this action with a legitimate need to know; (c) the parties themselves, including any officers, directors, employees or agents of the parties with a legitimate need to know; (d) experts, consultants, potential witnesses and/or any other person retained in connection with the prosecution and/or defense of this action with a legitimate need to know; and (e) the Court; provided, however, that before disclosure:

(1) Each such entity or person referred to in Subsections (a) through (d) of this Paragraph must execute an agreement to be bound by this Stipulation and Order prior to the disclosure of any confidential materials to such entity or person;

(2) Such agreement to be bound by this Stipulation and Order shall be in a form identical to that which is attached hereto as Exhibit A;

(3) A copy of each such executed agreement to be bound by this Stipulation and Order shall promptly be served upon all counsel of record, except that any such agreements signed by nontestifying experts need not be served and shall be kept by the counsel of record who disclosed any confidential material to any such entity or person.



mos

(4) Within ten (10) days of receipt of service of such an executed agreement to be bound by this Stipulation and Order, counsel of record may object to disclosure of confidential materials to the entity or person signing the agreement. If, after a good faith attempt to meet and confer with counsel of record seeking the disclosure, the objecting counsel of record may move the Court for a suitable Protective Order or other relief.

3. Except as otherwise provided in Paragraph 6 of this Stipulation, or ordered by the Court, all confidential materials that are designated to be "Attorney Eyes Only," and any summaries, compilations or other work product which contains or reflects such confidential materials, shall be kept and treated as confidential and shall be used only for purposes of the prosecution and/or defense of this Action. Confidential materials designated as "Attorney Eyes Only" shall not be disclosed to any person or entity other than: (a) Counsel of record for the parties, including partners and employees of such counsel with a legitimate need to know; (b) contractors of such counsel who are involved in the prosecution and/or defense of this Action with a legitimate need to know; and (c) the Court. Without limiting the generality of the foregoing, and except as provided in Paragraph 6 of this Stipulation, or ordered by the Court, no confidential materials designated as "Attorney Eyes Only" may be disclosed to or discussed with: (a) the parties; (b) any officers, directors, employees or agents of the parties; or (c) any experts, consultants, potential witnesses and/or any other persons.

4. No confidential materials, or confidential materials which are reproduced, referred to or otherwise contained in transcripts of depositions, exhibits, written discovery or other documents, may be filed with the Court or the Clerk of Court unless placed prior to such filing in a sealed envelope marked "NOT TO BE OPENED EXCEPT BY ORDER OF THE COURT: THIS ENVELOPE MAY BE GIVEN TO NO PERSON WITHOUT ORDER OF



mos

THE COURT." The party filing any such confidential materials or documents shall instruct the Clerk of Court in writing of the confidential nature of the material and that it should not be displayed or revealed except by order of the Court.

5. Upon termination of the prosecution and/or defense of this action, all recipients of confidential materials shall, if requested by a party, return all such confidential materials in their possession, including all copies of such confidential materials that were made by them or at their direction, to the party who originally produced such material. Termination of the prosecution and/or defense of this action shall not, however, relieve any person to whom confidential material was disclosed, including counsel for the parties, from the obligation of maintaining the confidentiality of all confidential. material received pursuant to this Stipulation and Order.

6. Any party may object to the designation by any other party of any material as "Confidential" or, "Attorneys Eyes Only" by notifying the party that designated the material as confidential or attorneys eyes only in writing and stating the basis for its objection within seven (7) days. The parties shall, within seven (7) days after service of the objection, meet and confer in an attempt to resolve the dispute. If the designating party refuses to meet within the required seven (7) days, or if the parties are unable, after meeting and conferring, to resolve the matters, the dispute shall, within fourteen (14) days after the meeting to confer, be submitted to the Court for resolution. If the party designating materials as "Attorney Eyes Only" does not, within fourteen (14) days of the meeting (or any failure to attend the meeting), submit the matter to the Court and seek an appropriate protective order, the party shall be deemed



mos

to have waived the "Attorney Eyes Only" designation, and the materials shall thereafter be treated in the same manner as any materials designated to be "confidential" pursuant to this Stipulation. If the designating party makes a timely motion for a protective order, the materials at issue shall be treated as "Attorney Eyes Only" until otherwise directed by the Court. The party designating materials as "Attorney Eyes Only" shall have the burden to establish the propriety of that designation, if challenged. The party challenging any designation of material as "Confidential" shall have the burden to establish that the designation was improper. Pending resolution by the Court, all materials designated by a party to be confidential shall be treated as confidential.

7. Any entity which is not a party to this litigation may supply confidential business information and/or trade secret information to any party in accordance with the provisions of this Stipulation and Order. Such confidential business information and/or trade secret information which has been designated as "Confidential" or "Attorneys Eyes Only" by a non-party and supplied to the parties pursuant to this Stipulation and Order shall be protected by the parties in the same manner and to the same extent as information designated "Confidential" or "Attorneys Eyes Only" by a party.

8. The Court may make and enter its Order in conformity herewith upon application by any party ex parte and without further notice.



mos

Dated: August 29, 2001

By [signature]
MICHAEL D. SCHWARTZ, P.A.
Michael D. Schwartz (#98164)
Travis D. Stottler (#0305728)
Chanhassen Financial Center
761 W. 78th Street, Suite 210
P.O. Box 219
Chanhassen, MN 55317
(952) 937-5655

***ATTORNEY FOR PLAINTIFF***

Dated: August ___, 2001

By [signature]
Thomas E. Propson (#231046)
Barton C. Gernander (#26779X)
Meagher & Geer, P.L.L.P.
4200 Multifoods Tower
33 South Sixth Street
Minneapolis, MN 55402
(612) 338-0661

By [signature]
George E. Purdy (Pro Hac Vice)
Bose McKinney & Evans L.L.P.
2700 First Indiana Plaza
135 North Pennsylvania Street
Indianapolis, IN 46204

***ATTORNEYS FOR DEFENDANT***

**ORDER**

Based upon the foregoing Stipulation:

IT IS HEREBY ORDERED that the above Stipulation shall be, and hereby is, adopted as the Order of this Court, and the parties are directed to fully comply therewith.

IT IS FURTHER ORDERED that the Clerk of Court is directed to maintain the confidentiality of any documents filed with the Court in accordance with Paragraph 3 of the Stipulation.

Dated: September 13, 2001.

BY THE COURT:

Susan Richard Nelson

Magistrate JUDGE OF DISTRICT COURT

**EXHIBIT A**

This is to certify that the undersigned has read and is fully familiar with the provisions of the Stipulation and Order Regarding Confidentiality of discovery materials dated _____________ in the action entitled Scott Equipment Company v. Stedman Machine Company, Court File 01-CV-906 (MJD/SRN).

As a condition precedent to my examinations of any Confidential Discovery Materials in connection with this case, or my obtaining any information from said Confidential Discovery Materials, I hereby agree that this Stipulation and Order Regarding Confidentiality shall be deemed to be directed to and shall include me, and I shall observe and comply with the provisions of this Stipulation and Order Regarding Confidentiality.

Dated:____________________

______________________________
Name (Signature)

______________________________
Name (Printed)

/905103.1

SEP 14 2001

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
OFFICE OF THE CLERK
316 N. Robert St., Rm 708
St. Paul, MN 55101

**Clerks Notice In Re: Protective Order**

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing confidential original documents with the Clerk of U. S. District Court. Failure to do so will cause the documents to be returned.

***Guidelines for filing with the Clerk:***

A. Documents are to be sealed (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 (LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 ½ x 11 inch white paper...flat and unfolded. This rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents).
- The word "SEALED" or "CONFIDENTIAL"

***Guidelines for filing with a U. S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U. S. District Judge or U. S. Magistrate Judge are to be marked accordingly and bound together as a set.

**Please forward this announcement to the recipient of this fax.**

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

**For additional information on either program please visit our website at www.mnd.uscourts.gov.**

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500